## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Feb 21 2017, 9:51 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Stephen T. Owens
Public Defender of Indiana

Deidre R. Eltzroth
Deputy Public Defender
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Lyubov Gore
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Larry Lillard,<br>*Appellant-Petitioner,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Respondent* | February 21, 2017<br><br>Court of Appeals Case No.<br>49A02-1608-PC-1879<br><br>Appeal from the Marion Superior Court<br><br>The Honorable Kurt M. Eisgruber, Judge<br>The Honorable Steven J. Rubick, Magistrate<br><br>Trial Court Cause No.<br>49G01-0402-PC-23764 |

**Baker, Judge.**

[1] Larry Lillard appeals the judgment of the post-conviction court, which denied his petition for post-conviction relief. He argues that he received the ineffective assistance of trial and appellate counsel. Finding that he has not made the requisite showing that he suffered any prejudice, we affirm.

## Facts

[2] On July 28, 2005, Lillard was found guilty of Class A felony child molesting and was determined to be a habitual offender. The underlying facts are as follows: "Lillard was married to the aunt of C.S. and lived in Marion County. In 2002, when C.S. was eleven years old, Lillard asked her to massage his back. As C.S. did so, Lillard reached inside her underwear and inserted his finger in her vagina." *Lillard v. State*, No. 49A02-0509-CR-868, slip. op. at *2 (Ind. Ct. App. May 26, 2006). The trial court sentenced Lillard to sixty years. On direct appeal, Lillard argued that his incarceration had violated Indiana Criminal Rule 4(C); that C.S. was improperly allowed to testify about other, uncharged acts of molestation; and that the trial court improperly excluded a defense exhibit on hearsay grounds ("Exhibit D"). In affirming the trial court, we found that Lillard's incarceration did not violate Rule 4(C) and that his other two arguments were waived.

[3] Lillard filed a petition in 2012 for post-conviction relief, but withdrew it without prejudice. He filed a second petition on May 8, 2014, which he later amended. Lillard argued that he received the ineffective assistance of trial counsel, citing trial counsel's failure to lay a proper foundation for Exhibit D or object to the

testimony of uncharged acts of molestation, and the ineffective assistance of appellate counsel, citing appellate counsel's failure to support arguments with citations to authority or cogent reasoning. After a January 19, 2016, hearing, the post-conviction court denied Lillard's petition. He now appeals.

## Discussion and Decision

[4] Lillard has three arguments on appeal: (1) that his trial counsel should have timely objected to the evidence of uncharged molestations, and if he would have done so, such evidence would have been excluded under Indiana Evidence Rule 404(b); (2) that his trial counsel should have laid a proper foundation for Exhibit D so that he could use it to impeach C.S.'s testimony; and (3) that his appellate counsel provided ineffective assistance by failing to properly cite the record or case law, which resulted in the waiver of two arguments.

[5] The petitioner in a post-conviction proceeding bears the burden of establishing grounds for relief by a preponderance of the evidence. *Fisher v. State*, 810 N.E.2d 674, 679 (Ind. 2004). When appealing the denial of post-conviction relief, the petitioner stands in the position of one appealing from a negative judgment. *Id.* To prevail on appeal from the denial of post-conviction relief, a petitioner must show that the evidence as a whole leads unerringly and unmistakably to a conclusion opposite that reached by the post-conviction court. *Weatherford v. State*, 619 N.E.2d 915, 917 (Ind. 1993). Further, the post-conviction court in this case made findings of fact and conclusions of law in

accordance with Indiana Post-Conviction Rule 1(6). Although we do not defer to the post-conviction court's legal conclusions, "[a] post-conviction court's findings and judgment will be reversed only upon a showing of clear error—that which leaves us with a definite and firm conviction that a mistake has been made." *Ben–Yisrayl v. State*, 729 N.E.2d 102, 106 (Ind. 2000) (internal quotation omitted).

[6] When evaluating an ineffective assistance of counsel claim, we apply the two-part test articulated in *Strickland v. Washington*, 466 U.S. 668 (1984). *See Helton v. State*, 907 N.E.2d 1020, 1023 (Ind. 2009). To satisfy the first prong, "the defendant must show deficient performance: representation that fell below an objective standard of reasonableness, committing errors so serious that the defendant did not have the 'counsel' guaranteed by the Sixth Amendment." *McCary v. State*, 761 N.E.2d 389, 392 (Ind. 2002) (citing *Strickland*, 466 U.S. at 687–88,). To satisfy the second prong, "the defendant must show prejudice: a reasonable probability (i.e. a probability sufficient to undermine confidence in the outcome) that, but for counsel's errors, the result of the proceeding would have been different." *Id.* (citing *Strickland*, 466 U.S. at 694). The two prongs of the *Strickland* test are separate and independent inquiries; thus, if it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, that course should be followed. *Williams v. State*, 706 N.E.2d 149, 154 (Ind. 1999) (citing *Strickland*, 466 U.S. at 697).

# I. Other Acts Evidence

In order to make the required showing of prejudice regarding trial counsel's alleged failure to object to C.S.'s testimony, Lillard must show that a proper objection would have led to the exclusion of the evidence. Lillard points to Evidence Rule 404(b), which provides in relevant part as follows:

> (b) Crimes, Wrongs, or Other Acts.
>
> > (1) Prohibited Uses. Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character.
> >
> > (2) Permitted Uses; Notice in a Criminal Case. This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident.

At trial, C.S. testified about two separate incidents of molestation. In the first, Lillard asked C.S. for a back massage while he was laying on the ground on his stomach. After she climbed on his back, he reached his hand under her skirt and placed his fingers into her vagina for about thirty seconds. In a second incident, occurring during the same summer, Lillard carried C.S. to his bedroom, removed her skirt and underwear, and again placed his fingers into her vagina.

[9] Lillard argues that the second incident was used to prove his propensities, which Evidence Rule 404(b) prohibits. He cites our opinion in *Greenboam v. State*, 766 N.E.2d 1247 (Ind. Ct. App. 2002). In that case, Greenboam was convicted of four counts of Class A child molestation. *Id.* at 1249. At trial, the State presented evidence of Greenboam's two prior convictions for Class C child molestation that he had received two years prior. *Id.* at 1252. We rejected the State's argument that these molestations occurring two years prior were part of a "common scheme or plan" exception to Evidence Rule 404(b), and we reversed. *Id.* at 1254.

[10] We note that in the present case, Lillard was charged with committing deviate sexual conduct "on or about June 1, 2002[,] through August 31[,] 2002 . . . ." Appellant's App. Vol. II p. 204. C.S.'s testimony involved molestations Lillard committed within this period. The State did not use the first incident to bolster the second, or the second the first; either incident would support Lillard's conviction. *See Marshall v. State*, 893 N.E.2d 1170, 1175-76 (Ind. Ct. App. 2008) (where "repeated molestations . . . fell within the respective time periods outlined in the charging information . . . the evidence . . . was presented as direct evidence of the charged molestations").

[11] Because we find that C.S.'s testimony was admissible and would have been admitted over trial counsel's objection, Lillard cannot show that he suffered any prejudice in this regard. Accordingly, this argument is unavailing.

## II. Exhibit D

At trial, Lillard attempted to introduce an intake form produced by the hospital to which C.S. went. A handwritten note on the form reads, "Thinks a family member molested her – Ø penetration fondling – Doesn't want exam if not necessary. Has happened 5 times. Last time about 8mos ago." Def. Ex. D. Lillard interprets this remark to be an admission made by C.S. to a hospital worker that there was no penetration. The State objected to the document on hearsay grounds, and trial counsel sought its admission under the business records exception or the statement made for medical treatment exception. The trial court sided with the State, saying "the information contained therein is on its surface unreliable because it doesn't identify who was making the statement or why . . . ." Tr. p. 123-24. The document appears to be signed by C.S.'s mother rather than C.S.

Lillard acknowledges that his trial counsel attempted to have Exhibit D admitted as a business record or a statement made for medical treatment. But he argues that counsel should have conducted further investigations to have additional bases for admission.

"[C]ounsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary." *Boesch v. State*, 778 N.E.2d 1276, 1284 (Ind. 2002). Here, trial counsel made the decision that he could have Exhibit D admitted under two different theories, and so ended his investigations into further bases for admission. In post-conviction

proceedings, to satisfy his burden of proving that counsel was ineffective for failing to investigate, the petitioner is required to go beyond the trial record to show what additional preparation, if undertaken, would have produced. *Woods v. State*, 701 N.E.2d 1208, 1214 (Ind. 1998). As it stands, we are not even sure that the statement "Ø penetration fondling" means that there was no penetration. Even if it did, we do not know whether such a statement was made by C.S., her mother, or whether it was a summary made by a hospital worker. To be sure, Lillard provided the post-conviction court with an affidavit from a hospital worker who testified that, typically, "the employee who first speaks with the patient would ask the patient why he or she was there . . . and would enter the patient's own words or a summation of those words into the 'reason for visit' blank . . . ." Pet'r's Ex. B. But the affiant also testified, "In the case of a minor patient, sometimes details are provided by a guardian." *Id.* In other words, further investigations have also failed to clarify who made the statement transcribed in Exhibit D. The post-conviction court did not admit this document because the affiant explicitly disclaimed any knowledge of who spoke with C.S. in 2002.

[15] In sum, Lillard has not convinced us that additional investigations would have produced sufficient information to ensure Exhibit D's admission. Beyond that, it is complete speculation whether this single notation would have made the jury disbelieve C.S.'s account. As such, Lillard is far from showing "that the evidence as a whole leads unerringly and unmistakably to a conclusion opposite to that reached by the [post-conviction] court." *Weatherford*, 619 N.E.2d at 917.

# III. Appellate Counsel

Lillard argues that he received the ineffective assistance of appellate counsel. In the direct appeal brief, appellate counsel acknowledged that trial counsel had failed to make a timely objection to C.S.'s testimony of other acts of molestation, that trial counsel had thereby waived the issue, and that, therefore, the issue before us was one of fundamental error. *Lillard*, slip. op. at *7. But then appellate counsel himself waived the fundamental error argument "by failing to support it with citation to authority or cogent reasoning." *Id.* Appellate counsel's failure to make pinpoint citations in his argument regarding Exhibit D, "to help us determine where, within a decision, support for his contentions may be found," *id.* (citing *Haddock v. State*, 800 N.E.2d 242, 245 n.5 (Ind. Ct. App. 2003)), also resulted in the waiver of that argument.

We agree with Lillard that his appellate counsel was not an exemplar of effective advocacy. But as noted above, Lillard's claim of ineffectiveness of appellate counsel can only succeed upon a showing that a competent attorney would have achieved a different result. We have already found that C.S.'s testimony regarding multiple acts of molestation would have been admitted over a timely 404(b) objection, and that Lillard has failed to show that additional investigations would have led to the admission of Exhibit D. Therefore, Lillard has failed to prove that a competent appellate counsel would have achieved a different result. Because he was not prejudiced, Lillard's claim that he received the ineffective assistance of appellate counsel is unavailing.

[18] The judgment of the post-conviction court is affirmed.

Mathias, J., and Pyle, J., concur.